# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00477-CR

**Charles Michael Woodard, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
## NO. 67461, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Charles Michael Woodard pled guilty to the offense of evading arrest with a motor vehicle, a state-jail felony punishable as a third-degree felony because of a deadly-weapon finding, and the jury assessed punishment, enhanced by a prior felony conviction, at eight years in prison and a $2,000 fine. *See* Tex. Penal Code Ann. §§ 12.33 (West 2011), 12.35(c), 12.425(c), 38.04(a), (b)(1)(B) (West Supp. 2011).[1]

Woodard's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that this appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 744 (1967), by presenting a professional evaluation of the records demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*,

---

[1] Because recent amendments to the penal code and code of criminal procedure did not change the substance of the statutes relevant to this appeal, we cite to their current version.

488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Woodard received a copy of counsel's brief and was advised of his right to examine the appellate record and to file a pro se brief. *See Anders*, 386 U.S. at 744.

Woodard filed a pro se brief that "does not contest [his] conviction, only enhancements and excessive sentence." Woodard argues that the proper punishment range was for a "class 4 felony punishable by 6 months to 2 years [in] state jail." We will briefly explain why his contentions lack arguable merit. *See Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

To preserve alleged error related to excessive punishment, a defendant must have made a timely request, objection, or motion in the trial court. Tex. R. App. P. 33.1(a)(1); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.); *see also Gilmore v. State*, Nos. 03-03-10-00740-CR, 03-10-00751-CR, 03-10-00752-CR, 2011 Tex. App. LEXIS 6518, at * 2 (Tex. App.—Austin Aug. 16, 2011, no pet.) (mem. op., not designated for publication). Woodard did not object to his sentence when it was pronounced, did not file a motion for new trial raising the excessive-punishment issue, and has not argued that such objection was unnecessary.

Further, even if error were preserved, punishment that is within the statutory range is not cruel, unusual, or excessive. *Poe v. State*, 513 S.W.2d 545, 548 (Tex. Crim. App. 1974); *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd). Woodard's eight-year sentence and $2,000 fine were within the statutorily permissible punishment range for his offense—as the

State notes, it is less than half of the maximum possible term and fine for which he was eligible. *See* Tex. Penal Code Ann. §§ 38.04(a), (b)(1)(B) (providing that evading arrest is state-jail felony if actor uses vehicle while in flight and had not previously been convicted under that section),12.35(c) (providing that affirmative deadly-weapon finding elevates state-jail felony to third-degree felony), 12.425(c) (increasing punishment level of state-jail felony with deadly-weapon finding under 12.35(c) to second-degree felony if it is shown that defendant had prior final felony conviction for something other than state-jail felony), 12.33 (authorizing imprisonment for 2-20 years and fine up to $10,000 for second-degree felony conviction). As such, Woodard's argument that the jury imposed an excessive sentence lacks arguable merit.

Woodard also complained that four of his five prior felony convictions were part of a single criminal episode and should be treated as one felony conviction during sentencing. At sentencing, the jury heard evidence of Woodard's five prior felony offenses in Florida. After the jury made its affirmative deadly-weapon finding, Woodard's punishment level increased from a state-jail felony to a third-degree felony, and the jury needed to find true only one prior felony conviction to enhance Woodard's punishment to a second-degree felony. *See id*. § 12.35(c) (providing that affirmative deadly-weapon finding elevates state-jail felony to third-degree felony). The judgment reflects that the jury did find an enhancement paragraph true. *See id*. § 12.425(c) (increasing punishment level of state-jail felony with deadly-weapon finding under 12.35(c) to second-degree felony if it is shown that defendant had prior final felony conviction for something other than state-jail felony). Thus, Woodard's complaint that four of his prior felonies should count as a single conviction makes no difference here and lacks arguable merit.

Within his complaint about sentencing, Woodard argued that the prosecutor's use of a parole-guidelines chart misled jurors into thinking that Woodard would serve only half of an eight-year sentence. Woodard failed to preserve error by objecting to the chart at trial, and the chart is not in the record. *See* Tex. R. App. P. 33.1(a). Further, even if this error were preserved, the record reflects that the district court properly charged the jury that Woodard would not be eligible for parole until his actual time served equaled the lesser of one-half the sentence imposed or thirty years, without consideration of any good-conduct time. *See* Tex. Code Crim. Proc. Ann. art. 37.07(4)(a) (West Supp. 2011) (specifying jury charge used in penalty phase of trial for felony offenses that include deadly-weapon finding). The court also charged the jury that the way parole law and good conduct time might be applied to this defendant cannot be predicted accurately and parole eligibility does not guarantee a parole grant. *See id*. Thus, the complaint that the jury was misled about the effect of parole on Woodard's sentence lacks arguable merit.

Woodard also complains generally that he was "not guilty of exhibiting a deadly weapon" because he "drove normal[l]y and safely until startled." We construe this complaint as a challenge to the sufficiency of the evidence supporting the jury's deadly-weapon finding. In a challenge to the sufficiency of evidence, the only question presented is whether, after viewing all the evidence in the light most favorable to the verdict, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Despite Woodard's contention that he drove normally and safely, the jury heard Officer Rafael Crispin of the Killen Police Department testify that Woodard drove his Ford Expedition in the center dividing lane

4

of a roadway that had only northbound and southbound travel lanes, moved in and out of vehicle traffic, nearly collided with another vehicle at an intersection, proceeded through an active 20-mile-per-hour school zone around 3:45p.m. going approximately 70 miles per hour, struck a street sign and a fire hydrant that sheared off the left front rim and tire of the Expedition, and continued driving about one block further until the inoperable vehicle stopped and Woodard fled on foot. The jury also saw a patrol-car videorecording of these events. The trier of fact is responsible for resolving conflicts in the testimony, weighing the evidence, and drawing reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319. Thus, Woodard's challenge to the deadly-weapon finding lacks arguable merit because it fails to view the evidence in the light most favorable to the jury's verdict.

Having reviewed the record as well as briefs from Woodard, his counsel, and the State, we find no reversible error. *See Garner*, 300 S.W.3d at 766; *Bledsoe*, 178 S.W.3d at 826-27. We agree with counsel that the appeal is frivolous, and his motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed: April 11, 2012

Do Not Publish